# EXHIBIT C



**ORDERED in the Southern District of Florida on December 10, 2010.**

Paul G. Hyman, Chief Judge
United States Bankruptcy Court

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In Re:                                    CASE NO.: 10-19119-BKC-PGH
                                          Chapter 11
BSML, INC.,

         Debtor.
_____/

**ORDER GRANTING TRUSTEE'S EXPEDITED MOTION FOR ENTRY
OF AN ORDER: (I) AUTHORIZING THE SALE OF INVENTORY BY TRUSTEE
FREE AND CLEAR OF ANY LIENS, CLAIMS AND ENCUMBRANCES PURSUANT
TO 11 U.S.C. § 363; (II) ESTABLISHING SALES PROCESS;
(III) APPROVING FORM AND MANNER OF NOTICES; AND
(IV) RESERVING RULING ON TRUSTEE'S REQUEST FOR 30% SURCHARGE**

**AND**

**ORDER GRANTING TRUSTEE'S EXPEDITED MOTION
TO COMPROMISE CONTROVERSY AND APPROVE SETTLEMENT
BETWEEN TRUSTEE MICHAEL R. BAKST AND DISCUS DENTAL, LLC**

THESE MATTERS having come before the Court on December 8, 2010, in West Palm

Beach, Florida, upon the Trustee's Expedited Motion for Entry of an Order: (I) Authorizing the

Sale of Inventory by the Trustee Free and Clear of Liens, Claims and Encumbrances Pursuant to

RM:7740928:1

1

11 U.S.C. § 363; (II) Establishing Sale Process; (III) Approving Form and Manner of Notices; and (IV) Approving 30% Surcharge to Trustee (the "Sale Motion") (DE # 376) and the Trustee's Expedited Motion to Compromise Controversy and Approve Settlement Between Trustee Michael R. Bakst and Discus Dental, LLC (the "Settlement Motion") (D.E.#374), and the Court having heard, considered, and reviewed the evidence, the argument of counsel and the parties, as well as considered the objections to the Sale Motion and the Settlement Motion found at DE#382, #383, and #410 and the *ore tenus* objection of Jeffrey Nourse stated upon the record in open court, otherwise being otherwise fully advised in the premises and based upon the findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52 as made applicable to this contested matter by Federal Rules Bankruptcy Procedure 7052 and 9014, it is,

ORDERED AND ADJUDGED as follows:

1. Based on the testimony and the evidence, and for all of the reasons set forth on the record by the Court, the Sale Motion is hereby GRANTED in part, DEFERRED in part, and all pending objections are overruled in their entirety. The Court reserves ruling at this time on the Trustee's request for a 30% surcharge in the Sale Motion until the Proceeds (as defined below) are collected at which the time the Court will rule on the Trustee's surcharge request. The Court grants the Sale Motion in full in all other respects. The Trustee is authorized to sell the inventory and other materials in the supply chain (the "Inventory"), as more fully described in Exhibit "A" thereto, to Oraceutical, Inc. ("Oraceutical"). Oraceutical shall remit to the Trustee 25% of the gross sales proceeds of the Inventory (the "Proceeds") as set forth in the Sale Motion. Oraceutical shall indemnify the Debtor and the Trustee for all claims relating to the Inventory or its sale to end-users. The Inventory shall be sold to Oraceutical free and clear of any claims, liens, or encumbrances with liens to attach to the Proceeds pursuant to 11 U.S.C. §

RM:7740928:1

2

363(f)(4), provided, however, that the Inventory shall not be sold free and clear of the intellectual property rights of Discus Dental, LLC ("Discus") and may be resold by Oraceutical only pursuant to the terms of a limited license to be agreed upon between Discus and Oraceutical for the sole purpose of disposing of the Inventory in the retail channel. Medicis Pharmaceutical Corporation's lien shall attach to all of the Proceeds (the "Medicis Lien"). In addition, all other liens against the Debtor's interest in the Inventory shall attach to the Proceeds (the "Other Liens"). The Medicis Lien and the Other Liens shall attach to the Proceeds in the same order of priority as existed prior to the sale.

2. Based on the testimony and the evidence, and for all of the reasons set forth on the record by the Court, the Settlement Motion is GRANTED in full. After consideration of the *Justice Oaks* factors, the Court finds that the Settlement (as such term is defined in the Settlement Motion) is in the best interest of the creditors and the estate and is well within the range of reasonableness. Accordingly, the Court hereby approves the Settlement and Discus and the Trustee are authorized and directed to consummate the Settlement pursuant to the terms set forth in the Settlement Motion which are hereby incorporated as if set forth herein. The Settlement shall constitute full and final settlement of the California Litigation (as defined in the Settlement Motion) and the pending contested matter regarding the validity of the License Agreement (as such term is defined in the Settlement Motion). Discus shall pay $100,000.00 to the Trustee within ten (10) days of the date of this Order becoming final and non-appealable. Oraceutical shall make the additional $100,000 payment as set forth in the Settlement Motion on or before July 1, 2011. The full $200,000 to be received by the Trustee pursuant to the Settlement shall come into the estate free of any lien or claims and shall be deemed property of the estate under 11 U.S.C. § 541.

3. Upon receipt by the Trustee and Oraceutical of their respective Payments (as defined in the Settlement Motion) under the Settlement, the License Agreement shall be deemed to have terminated as of the Petition Date (as defined in the Settlement Motion) and shall be of no further effect. The Trustee, Debtor, and Debtor's estate shall immediately cease the use of all trademarks, patents, and any other rights licensed or otherwise granted to the Debtor pursuant to the License Agreement. For the avoidance of doubt, any sub-licenses, transfers, assignments, or other rights in the trademarks, patents, or other rights purportedly granted by the Debtor or otherwise obtained by any other entity under the auspices of the License Agreement with the Debtor, including without limitation, BSML Canada, Pinnacle, Pure Med Spa, any entity controlled by or affiliated with Jeffrey Nourse, or any affiliate of Debtor, shall be immediately revoked and deemed terminated as of the Petition Date.

4. The Court finds that it has jurisdiction to hear and determine all matters set forth in the Sale Motion and the Settlement Motion pursuant to 28 U.S.C. §§ 1334 and 157. Consideration of the Sale Motion and the Settlement Motion constitute core proceedings under 28 U.S.C. § 157(b)(2). Due and adequate notice of the Sale Motion and the Settlement Motion and of the hearings thereon has been provided to all interested parties entitled to receive notice thereof and that such notice is good and sufficient under the circumstances. Consequently, adequate notice and opportunity for the hearing has been given in accordance with Federal Rules of Bankruptcy Procedure 2002, 9014 and 9019, all Local Rules and any other applicable law or rule, and no further notice relating to the entry of this Order is necessary or required..

5. The Court reserves jurisdiction over the parties and over the cause for the purposes of enforcing the terms of the Settlement.

RM:7740928:1

###

Submitted by
G. Steven Fender, Esq.
222 Lakeview Avenue, Suite 800
West Palm Beach, Fl 33401
(561) 838-4509
(561) 514-3409

/kw

**(G. Steven Fender, Esq., is directed to serve copies of this order on the parties listed below and to file a certificate of service)**

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive e-mail notice/service for this case.

- Michael R Bakst    efilemrb@ruden.com, FL65@ecfcbis.com;Efile2557@ruden.com;Efile2556@ruden.com;Efile2554@ruden.com
- Michael R. Bakst    efile2565@ruden.com, efile2558@ruden.com;FL65@ecfcbis.com
- Becket and Lee LLP    notices@becket-lee.com
- Aric S Bomsztyk    asb@bmatlaw.com
- John D. Eaton    jeaton@bergersingerman.com, efile@bergersingerman.com;byglesia@bergersingerman.com
- Heidi A Feinman    Heidi.A.Feinman@usdoj.gov
- G Steven Fender    steven.fender@ruden.com, efile2565@ruden.com
- Joey M Grant    grant@padulagrant.com
- Craig I Kelley    cik@kelleylawoffice.com, ecf@kelleylawoffice.com,grace@kelleylawoffice.com,kelleyecfsouthern@gmail.com,
- Tarek K Kiem    rappaport@kennethrappaportlawoffice.com, tarek@rorlawfirm.com
- Gerard M Kouri Jr.    gmkouripa@bellsouth.net, gmkouripaecf@gmail.com
- David B Marks    brett.marks@akerman.com, charlene.cerda@akerman.com
- Ilan Markus    ilan.markus@leclairryan.com
- Paul J McMahon    pjm@pjmlawmiami.com
- David L Merrill    dlmerrill@sbwlawfirm.com, igarcia@sbwlawfirm.com;lwood@sbwlawfirm.com;awernick@sbwlawfirm.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- Chad S Paiva    chad.paiva@gmlaw.com, katrina.bankert@gmlaw.com
- Kristen N Pate    ggpbk@ggp.com
- Ivan J Reich    ireich@gray-robinson.com, amy.davis@gray-robinson.com
- Eric A Rosen    erosen@rosenwinig.com, sperini@rosenwinig.com
- Jay Sakalo    jsakalo@bilzin.com, eservice@bilzin.com;lflores@bilzin.com
- Bradley S Shraiberg    bshraiberg@sfl-pa.com, lmelton@sfl-pa.com;lrosetto@sfl-pa.com;blee@sfl-pa.com
- Jeffrey I. Snyder    jsnyder@bilzin.com, eservice@bilzin.com;lflores@bilzin.com
- Laurie A. Thompson    lauriethompson@comcast.net
- Ronald M Tucker    rtucker@simon.com, psummers@simon.com;cmartin@simon.com;rwoodruff@simon.com;lgrafton@simon.com
- Dean C Waldt    waldtd@ballardspahr.com, direnzop@ballardspahr.com;pollack@ballardspahr.com

RM:7740928:1

5

- Aaron A Wernick    awernick@sbwlawfirm.com,
  igarcia@sbwlawfirm.com;lwood@sbwlawfirm.com;dlmerrill@sbwlawfirm.com

**Manual Notice List**

Mark Alexander
5080 Spectrum Drive
Suite 850E
Addison, TX 75001

Aric S Bomsztyk
1422 Bellevue Ave
Seattle, WA 98122

Shelly Buchanan
11046 SW Greenburg Rd # 334
Tigard, OR 97223

Elizabeth Gardner
2555 Prestwick Ave
Concord, CA 94519

Tere L Guerrero

Germaine F. Gulan
5076 Joseph Lane
San Jose, CA 95118

Robert A Klyman
355 South Grand Ave
Los Angeles, CA 90017

Robert A. Klyman
355 S Grand Ave.
Los Angeles, CA 90071

Russell W. Lee
POB 70550
Oakland, CA 94612

Steven R Lefkofsky
31500 Northwestern Hwy #105
Farmington Hills, MI 48334

Omnicare Consulting Medical Group
c/o Mitchell Green
1101 Fifth Ave #310
San Rafael, CA 94901

Oregon Bureau Of Labor and Industries
1400 Executive Parkway
#200
Eugene, OR 97401

RM:7740928:1

Sarah A Williams
16251 SW Becky Lange Ct
Tigard, OR 97223

RM:7740928:1